1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX            )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND       )
20 PRODUCTS LIABILITY LITIGATION        )  CASE NO. 3:07-cv-03286-CRB
                                        )
21 This document relates to             )
                                        )  **PFIZER INC., PHARMACIA
22 DEAN FOWLER,                         )  CORPORATION, AND G.D.
                                        )  SEARLE LLC'S ANSWER TO
                                        )  COMPLAINT**
23              Plaintiff,              )
                                        )
24        vs.                           )  **JURY DEMAND ENDORSED
                                        )  HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION, )
   and G.D. SEARLE LLC, (FKA G.D. SEARLE & )
26 CO.),                                )
                                        )
27              Defendants.            )
                                        )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                    I.

6                        **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9    generally.    Defendants may seek leave to amend this Answer when discovery reveals the

10   specific time periods in which Plaintiff was prescribed and used Celebrex®.

11                                   II.

12                              **ANSWER**

13   Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15   that Plaintiff is entitled to any relief or damages.    Defendants admit that, during certain periods

16   of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18   with their approval by the FDA.    Defendants admit that, during certain periods of time,

19   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.    Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Texas and California, to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    providers who are by law authorized to prescribe drugs in accordance with their approval by the

2    FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

3    5.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

5    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

7    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

8    Celebrex® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

10   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

11   and Pharmacia became subsidiaries of Pfizer. Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   6.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18   Celebrex® in the United States to be prescribed by healthcare providers who are by law

19   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state

20   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21   prescribing information. Defendants state that the potential effects of Celebrex® were and are

22   adequately described in its FDA-approved prescribing information, which was at all times

23   adequate and comported with applicable standards of care and law. Defendants deny any

24   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25   7.        Defendants state that the allegations in this paragraph of the Complaint regarding

26   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

27   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28   the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the State of Nebraska or the State of California and deny the remaining allegations in this paragraph of the Complaint.

10.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Texas and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Texas and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of Texas, Nebraska, or California and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11.      Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants

1    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

2    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

3    Panel on Multidistrict Litigation on September 6, 2005.

4    **Response to Factual Allegations**

5    12.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    13.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

11    condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

12    that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

13    prescribing information.  Defendants state that the potential effects of Celebrex® were and are

14    adequately described in its FDA-approved prescribing information, which was at all times

15    adequate and comported with applicable standards of care and law.  Defendants deny that

16    Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

17    paragraph of the Complaint.

18    14.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21    effective when used in accordance with its FDA-approved prescribing information.  Defendants

22    state that the potential effects of Celebrex® were and are adequately described in its FDA-

23    approved prescribing information, which was at all times adequate and comported with

24    applicable standards of care and law.  Defendants deny the remaining allegations in this

25    paragraph of the Complaint.

26    15.    Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

23.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

2   approved prescribing information.  Defendants state that the potential effects of Celebrex®

3   were and are adequately described in its FDA-approved prescribing information, which was at

4   all times adequate and comported with applicable standards of care and law.  Defendants deny

5   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

6   24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

7   Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

8   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

9   osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

10  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

11  reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

12  ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

13  the remaining allegations in this paragraph of the Complaint.

14  25.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

15  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

16  Celebrex® in the United States to be prescribed by healthcare providers who are by law

17  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

18  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

19  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

20  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21  accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

22  and effective when used in accordance with its FDA-approved prescribing information.

23  Defendants state that the potential effects of Celebrex® were and are adequately described in its

24  FDA-approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint.

27  26.    Defendants state that the referenced article speaks for itself and respectfully refer the

28  Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

3    this paragraph of the Complaint.

4    27.    Defendants state that the referenced article speaks for itself and respectfully refer the

5    Court to the article for its actual language and text.  Any attempt to characterize the article is

6    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

8    this paragraph of the Complaint.

9    28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

10   the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

11   FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

12   used in accordance with its FDA-approved prescribing information.  Defendants state that the

13   potential effects of Celebrex® were and are adequately described in its FDA-approved

14   prescribing information, which was at all times adequate and comported with applicable

15   standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

16   Complaint.

17   29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

24   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

25   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

26   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

27   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

28   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    the Complaint.

2    31.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    32.    Defendants state that the referenced study speaks for itself and respectfully refer the

6    Court to the study for its actual language and text.  Any attempt to characterize the study is

7    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8    paragraph of the Complaint.

9    33.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

10   the Court to the Medical Officer Review for its actual language and text.  Any attempt to

11   characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

12   deny the remaining allegations in this paragraph of the Complaint.

13   34.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

14   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

15   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

16   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17   35.    Defendants state that the referenced articles speak for themselves and respectfully refer

18   the Court to the articles for their actual language and text.  Any attempt to characterize the

19   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

20   refer the Court to the study for its actual language and text.  Any attempt to characterize the

21   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

23   Court to the article for its actual language and text.  Any attempt to characterize the article is

24   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   37.    Defendants state that the referenced articles speak for themselves and respectfully refer

27   the Court to the articles for their actual language and text.  Any attempt to characterize the

28   articles is denied.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint.

38.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(a).  Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(b).  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

38(c).  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

38(d).  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

38(e).  Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  38(f).  Defendants state that the referenced article speaks for itself and respectfully refer the

2  Court to the article for its actual language and text.  Any attempt to characterize the article is

3  denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety

4  Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient

5  information or knowledge to form a belief as to the truth of such allegations and, therefore,

6  deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7  38(g).  Defendants state that the referenced article speaks for itself and respectfully refer the

8  Court to the article for its actual language and text.  Any attempt to characterize the article is

9  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  38(h).  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

11  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

12  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  38(i).  Defendants state that the referenced Medical Officer Review speaks for itself and

15  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

16  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

17  allegations in this paragraph of the Complaint.

18  38(j).  Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide

19  the proper context for the allegations concerning "other Celebrex trials" contained in this

20  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

21  form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

22  allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

23  that the referenced study speaks for itself and respectfully refer the Court to the study for its

24  actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

25  remaining allegations in this paragraph of the Complaint.

26  38(k).  Defendants state that the referenced article speaks for itself and respectfully refer the

27  Court to the article for its actual language and text.  Any attempt to characterize the article is

28  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

1    38(l).  Plaintiff fails to provide the proper context for the allegations in this paragraph of the

2    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

3    therefore lack sufficient information or knowledge to form a belief as to the truth of such

4    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

5    themselves and respectfully refer the Court to the studies for their actual language and text.

6    Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

7    this paragraph of the Complaint.

8    39.    Defendants state that the referenced Medical Officer Review speaks for itself and

9    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

10   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   40.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

13   are not directed toward Defendants, and therefore no response is required.  To the extent that a

14   response is deemed required, Plaintiff fails to provide the proper context for the allegations in

15   this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

16   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

17   such allegations and, therefore, deny the same.  Defendants state that the referenced study

18   speaks for itself and respectfully refer the Court to the study for its actual language and text.

19   Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

20   this paragraph of the Complaint.

21   41.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

22   Complaint are not directed toward Defendants, and therefore no response is required.  To the

23   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

24   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

25   of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

26   belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

27   referenced study speaks for itself and respectfully refer the Court to the study for its actual

28   language and text.  Any attempt to characterize the study is denied.  Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

remaining allegations in this paragraph of the Complaint.

42.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

44.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants deny the allegations in this paragraph of the Complaint.

47.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

2  remaining allegations contained in this paragraph of the Complaint.

3  48.    Defendants deny any wrongful conduct and deny the allegations contained in this

4  paragraph of the Complaint.

5  49.    Defendants deny any wrongful conduct and deny the allegations contained in this

6  paragraph of the Complaint.

7  50.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information.  Defendants state that the potential effects of

9  Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

12  paragraph of the Complaint.

13  51.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  state that the potential effects of Celebrex® were and are adequately described in its FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

20  Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

21  the Complaint.

22  52.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

23  Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

24  November 14, 2000.  Defendants state that the referenced letters speak for themselves and

25  respectfully refer the Court to the letters for their actual language and text.  Any attempt to

26  characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

27  of the Complaint.

28  53.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

59.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2  the Complaint.

3  63.    Defendants deny the allegations in this paragraph of the Complaint.

4  64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  66.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

19  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

20  paragraph of the Complaint.

21  67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

26  remaining allegations in this paragraph of the Complaint.

27  68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

72.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

73.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.    Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    74.    Defendants state that this paragraph of the Complaint contains legal contentions to

8    which no response is required.    To the extent that a response is deemed required, Defendants

9    admit that they had duties as are imposed by law but deny having breached such duties.

10    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

11    FDA-approved prescribing information.    Defendants state that the potential effects of

12    Celebrex® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15    the Complaint.

16    75.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18    Celebrex®, and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

19    effective when used in accordance with its FDA-approved prescribing information.    Defendants

20    state that the potential effects of Celebrex® were and are adequately described in its FDA-

21    approved prescribing information, which was at all times adequate and comported with

22    applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

23    remaining allegations in this paragraph of the Complaint, including all subparts.

24    76.    Defendants are without knowledge or information sufficient to form a belief as to the

25    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26    Celebrex®, and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

27    effective when used in accordance with its FDA-approved prescribing information.    Defendants

28    state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Second Cause of Action: Strict Liability**

2    82.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3    Complaint as if fully set forth herein.

4    83.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

7    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

8    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9    with their approval by the FDA.  Defendants admit that, during certain periods of time,

10   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

11   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

12   providers who are by law authorized to prescribe drugs in accordance with their approval by the

13   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

14   consumers without substantial change from the time of sale.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   84.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny the remaining allegations in this paragraph of the Complaint.

21   85.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26   remaining allegations in this paragraph of the Complaint.

27   86.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4   remaining allegations in this paragraph of the Complaint, including all subparts.

5   87.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

13  remaining allegations in this paragraph of the Complaint.

14  88.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  89.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   90.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendants state that the potential effects of

3   Celebrex® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6   the Complaint.

7   91.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information.  Defendants

11  state that the potential effects of Celebrex® were and are adequately described in its FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

14  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

15  paragraph of the Complaint.

16  92.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  93.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information.  Defendants

26  state that the potential effects of Celebrex® were and are adequately described in its FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    96.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    **Response to Third Cause of Action: Breach of Express Warranty**

9    97.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

10   Complaint as if fully set forth herein.

11   98.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information. Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law. Defendants admit that they provided FDA-approved

18   prescribing information regarding Celebrex®. Defendants deny the remaining allegations in

19   this paragraph of the Complaint.

20   99.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information. Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law. Defendants admit that they provided FDA-approved

27   prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and

28   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

_Gordon & Rees, LLP_
_275 Battery Street, Suite 2000_
_San Francisco, CA 94111_

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   100.    Defendants admit that they provided FDA-approved prescribing information regarding

2   Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3   paragraph of the Complaint.

4   101.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  103.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that they provided FDA-approved prescribing information regarding

22  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  104.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  105.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26  damage, and deny the remaining allegations in this paragraph of the Complaint.

27  106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

107.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

108.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   any wrongful conduct, deny that they breached any warranty, and deny the remaining

2   allegations in this paragraph of the Complaint.

3   112.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

6   medication which is approved by the FDA for the following indications: (1) for relief of the

7   signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

8   arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

9   primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

10  adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

11  surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

12  signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  113.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants admit that they provided FDA-approved

21  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

22  this paragraph of the Complaint.

23  114.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25  Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case,

26  Celebrex® was expected to reach users and consumers without substantial change from the

27  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  115.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3  effective when used in accordance with its FDA-approved prescribing information.  Defendants

4  state that the potential effects of Celebrex® were and are adequately described in its FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

7  breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

8  116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

9  damage, and deny the remaining allegations in this paragraph of the Complaint.

10  117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

15  119.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

16  Complaint as if fully set forth herein.

17  120.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendants

19  admit that they had duties as are imposed by law but deny having breached such duties.

20  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

21  FDA-approved prescribing information.   Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  121.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint, including all subparts.

4   122.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  123.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

18  paragraph of the Complaint.

19  124.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  125.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    state that the potential effects of Celebrex® were and are adequately described in its FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4    remaining allegations in this paragraph of the Complaint.

5    126.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Celebrex® were and are adequately described in its FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12   remaining allegations in this paragraph of the Complaint.

13   127.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint.

21   128.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

134.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

135.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

2   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

3   Celebrex® in the United States to be prescribed by healthcare providers who are by law

4   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

5   the remaining allegations in this paragraph of the Complaint.

6   136.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

9   paragraph of the Complaint.

10  137.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  138.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21  remaining allegations in this paragraph of the Complaint.

22  139.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information.  Defendants

26  state that the potential effects of Celebrex® were and are adequately described in its FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

1    remaining allegations in this paragraph of the Complaint.

2    140.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    **Response to Seventh Cause of Action:**

5    **State Consumer Fraud and Deceptive Trade Practices Act**

6    141.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

7    Complaint as if fully set forth herein.

8    142.    Defendants state that this paragraph of the Complaint contains legal contentions to

9    which no response is required.  To the extent that a response is deemed required, Defendants

10    admit that they had duties as are imposed by law but deny having breached such duties.

11    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    143.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

14    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Celebrex® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19    the Complaint.

20    144.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

22    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Celebrex® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27    and deny the remaining allegations in this paragraph of the Complaint.

28    145.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action:  State Suppliers Liability Statute**

153.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

154.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of

3    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5    with their approval by the FDA. Defendants admit that, during certain periods of time,

6    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8    providers who are by law authorized to prescribe drugs in accordance with their approval by the

9    FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

10   consumers without substantial change from the time of sale. Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   155.   Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information. Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

17   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

18   156.   Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information. Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

23   dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

24   subparts.

25   157.   Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Celebrex® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6   remaining allegations in this paragraph of the Complaint.

7   162.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants state that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint.

13  163.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  state that the potential effects of Celebrex® were and are adequately described in its FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  166.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

28  the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer For Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  conditions unrelated to Celebrex®.

2  **Nineteenth Defense**

3  19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

4  the doctrine of assumption of the risk bars or diminishes any recovery.

5  **Twentieth Defense**

6  20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

7  preempted in accordance with the Supremacy Clause of the United States Constitution and by

8  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

9  **Twenty-first Defense**

10  21.     Plaintiff's claims are barred in whole or in part under the applicable state law because

11  the subject pharmaceutical product at issue was subject to and received pre-market approval by

12  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

13  **Twenty-second Defense**

14  22.     The manufacture, distribution and sale of the pharmaceutical product referred to in

15  Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

16  and Plaintiff's causes of action are preempted.

17  **Twenty-third Defense**

18  23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary

19  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

20  issue under applicable federal laws, regulations, and rules.

21  **Twenty-fourth Defense**

22  24.     Plaintiff's claims are barred in whole or in part because there is no private right of

23  action concerning matters regulated by the Food and Drug Administration under applicable

24  federal laws, regulations, and rules.

25  **Twenty-fifth Defense**

26  25.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate

27  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

28  of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-sixth Defense

2    26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

3    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

4    Restatement (Second) of Torts § 402A, Comment k.

5

### Twenty-seventh Defense

6    27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

7    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

8    to § 6 of the Restatement (Third) of Torts: Products Liability.

9

### Twenty-eighth Defense

10    28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

11    Products Liability.

12

### Twenty-ninth Defense

13    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

14    facts sufficient under the law to justify an award of punitive damages.

15

### Thirtieth Defense

16    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

17    would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

18    the United States Constitution and the Constitutions of the States of Nebraska and California,

19    and would additionally violate Defendants' rights to substantive due process under the

20    Fourteenth Amendment of the United States Constitution.

21

### Thirty-first Defense

22    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

23    Fourteenth Amendments to the United States Constitution.

24

### Thirty-second Defense

25    32.    The imposition of punitive damages in this case would violate the First Amendment to

26    the United States Constitution.

27

### Thirty-third Defense

28    33.    Plaintiff's punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Nebraska and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages;

(3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

## Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2   ### Fifty-fifth Defense

3   55.   Defendants state on information and belief that the Complaint and each purported cause

4   of action contained therein is barred by the statutes of limitations contained in California Code

5   of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

6   as may apply.

7   ### Fifty-sixth Defense

8   56.   Defendants state on information and belief that any injuries, losses, or damages suffered

9   by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

10  conduct of persons or entities other than Defendants.   Therefore, Plaintiff's recovery against

11  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12  ### Fifty-seventh Defense

13  57.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

14  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15  Code § 3294, and, therefore, any award of punitive damages is barred.   Any claim for punitive

16  damages is also barred under California Civil Code § 3294(b).

17  ### Fifty-eighth Defense

18  58.   Defendants are entitled to, and claim the benefit of, all defenses and presumptions set

19  forth or arising from any rule of law or statute in the State of Nebraska.

20  ### Fifty-ninth Defense

21  59.   Defendants reserve the right to supplement their assertion of defenses as they continue

22  with their factual investigation of Plaintiff's claims.

23  ## V.

24  ## PRAYER

25  WHEREFORE, Defendants pray for judgment as follows:

26  1.   That Plaintiff take nothing from Defendants by reason of the Complaint;

27  2.   That the Complaint be dismissed;

28  3.   That Defendants be awarded their costs for this lawsuit;

4.   That the trier of fact determine what percentage of the combined fault or other liability

of all persons whose fault or other liability proximately caused Plaintiff's alleged

injuries, losses or damages is attributable to each person;

5.   That any judgment for damages against Defendants in favor of Plaintiff be no greater

than an amount which equals their proportionate share, if any, of the total fault or other

liability which proximately caused Plaintiff's injuries and damages; and

6.   That Defendants have such other and further relief as the Court deems appropriate.

September 19, 2007                                    GORDON & REES LLP


By: : _____/s/_____
     Stuart M. Gordon
     sgordon@gordonrees.com
     Embarcadero Center West
     275 Battery Street, 20th Floor
     San Francisco, CA 94111
     Telephone:  (415) 986-5900
     Fax:  (415) 986-8054


September 19, 2007                                    TUCKER ELLIS & WEST LLP


By: : _____/s/_____
     Michael C. Zellers
     michael.zellers@tuckerellis.com
     515 South Flower Street, Suite 4200
     Los Angeles, CA 90071
     Telephone:  (213) 430-3400
     Fax:  (213) 430-3409

     Attorneys for Defendants
     PFIZER INC, PHARMACIA
     CORPORATION, and G.D. SEARLE
     LLC

1

**JURY DEMAND**

2   Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3 trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4 Procedure.

5 September 19, 2007        GORDON & REES LLP

6

7              By: :_____/s/_____

8                Stuart M. Gordon
                 sgordon@gordonrees.com

9                Embarcadero Center West
                 275 Battery Street, 20th Floor

10               San Francisco, CA  94111
                 Telephone:  (415) 986-5900

11               Fax:  (415) 986-8054

12 September 19, 2007        TUCKER ELLIS & WEST LLP

13

14              By: :_____/s/_____

15                Michael C. Zellers
                 michael.zellers@tuckerellis.com

16               515 South Flower Street, Suite 4200
                 Los Angeles, CA 90071

17               Telephone:  (213) 430-3400
                 Fax:  (213) 430-3409

18               Attorneys for Defendants

19               PFIZER INC, PHARMACIA
                 CORPORATION, and G.D. SEARLE

20               LLC

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-03286-CRB

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*